IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

APRIL SLATE                                                                          PLAINTIFF

            v.                              Civil No. 11-2222

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                          DEFENDANT

## MEMORANDUM OPINION

Plaintiff, April Slate, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for a period of disability, disability insurance benefits ("DIB"), supplemental security income ("SSI") under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

## I.      Procedural Background:

The Plaintiff filed her application for SSI on February 11, 2008, alleging an onset date of June 15, 2009, due to obesity, back disorder, neck pain, headaches, depression, and somatoform disorder.  Tr. 146-156, 199, 209-210, 250.   The Commissioner denied Plaintiff's application initially and on reconsideration.  Tr. 46-47, 50-51.  An administrative hearing was held on September 3, 2009.  Tr. 46-84. Plaintiff was present and represented by counsel.

At the time of the hearing, Plaintiff was 38 years old and possessed the equivalent of a high school education.  Tr. 39, 51, 53.  She had past relevant work ("PRW") experience as a home health aide, factory line worker, and housekeeper.  Tr. 38, 200, 219-226, 260-261, 266-267.

On February 16, 2010, the ALJ found Plaintiff's obesity, back disorder, depression, and somatoform disorder to be severe, but concluded they did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.  Tr. 33-34.  After partially discrediting Plaintiff's subjective complaints, the ALJ determined that Plaintiff retained the residual functional

capacity ("RFC") to perform light work involving only occasional climbing of ramps/stairs, balancing, stooping, kneeling, crouching, crawling, and overhead reaching; no climbing of ladders, ropes, or scaffolds; and, occasional contact with coworkers and the general public. Tr. 35. Further, the ALJ concluded that Plaintiff could understand, remember, and carry out simple, routine, and repetitive tasks and respond appropriately to supervisors and usual situations. With the assistance of a vocational expert, the ALJ found Plaintiff could perform work as a poultry production worker, production line assembler, and sewing machine operator. Tr. 39-40.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on October 28, 2011. Tr. 1-6. Subsequently, Plaintiff filed this action. ECF No. 1. This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. ECF Nos. 12, 13.

**II.      Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

2

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

**III.    Discussion:**

Of particular concern to the undersigned is the ALJ's failure to properly consider Plaintiff's impairments in combination. The ALJ must consider the impairments in combination and not fragmentize them in evaluating their effects. *Delrosa v. Sullivan*, 922 F.2d 480, 484 (8th Cir. 1991), citing *Johnson v. Secretary of Health & Human Servs.*, 872 F.2d 810, 812 (8th Cir. 1989). And, the Social Security Act requires the Commissioner to consider all impairments without regard to whether any such impairment, if considered separately, would be of sufficient medical severity to be disabling.

3

*Cunningham v. Apfel, 222 F.3d 496, 501 (8th Cir. 2000).  Hajek v. Shalala*, 30 F.3d 89, 92 (8th Cir. 1994) (where ALJ found that claimant did not have impairment or combination equaling listing-level impairment and referred to evidence as a whole, ALJ properly considered combined effect of impairments).

In the present case, Plaintiff has alleged disability due to chronic neck, back, and shoulder pain, as well as obesity. The medical evidence reveals a great deal of treatment for pain related symptoms and prescriptions for both narcotic pain medications and muscle relaxers.  Tr. 258-262, 303, 345-362, 375, 411, 461, 490-519, 537-557, 603-630, 650-658.   Treatment notes have also documented tenderness, muscle spasm, and a decreased range of motion.  Tr. 258-262, 478-512, 558-580.  In December 2007, x-rays of her lumbar spine revealed degenerative changes with some minimal anterior lipping at the L1-2 level.  Tr. 316, 340.  An EMG was positive for mild carpal tunnel syndrome on the right side.  Tr. 311-315, 383.

In January 2008, an MRI of her cervical spine showed degenerative disc disease with some disc bulges and slight relative narrowing of the central canal at the C5-6 level.  Tr. 307-308, 331-332, 334-335, 379-380, 412-413.  The radiologist also noted some mild left foraminal narrowing at this level related to some posterior spur formation.  An MRI of her lumbar spine divulged posterior element hypertrophy at the L4-5 level with some central/left paracentral disk protrusion at the L5-S1 level and some mild facet hypertrophy and S1 nerve root compression.  An x-ray of her cervical spine confirmed degenerative marginal spurring anteriorly at the C5-6 level and slight under penetration at the C7 on the lateral view.  Tr. 338.  And, x-rays of her lumbar spine showed mild degenerative disk space narrowing at the L5-S1 level and mild degenerative marginal spurring at some of the levels.  Tr. 241.  An x-ray of her left shoulder also exhibited minimal degenerative arthropathy of the AC joint.  Tr. 342.  Because her pain continued, cervical x-rays were repeated in February 2008, demonstrating disk degenerative changes

4

at the C5-6 level and mild narrowing of the C5-6 level disk space with minimal anterior and posterior spurring.

On July 19, 2009, the Arkansas Department of Workforce Services determined Plaintiff was not eligible for benefits beginning on June 14, 2009, due to a disabling physical condition that left her unable to perform suitable work.  Tr. 268-269.  *See Morrison v. Apfel*, 146 F.3d 625, 628 (8th Cir. 1998) ( holding findings of disability by other federal agencies, although not binding on ALJ, are entitled to some weight and must be considered in the ALJ's decision). They confirmed that Plaintiff had been discharged from her job on June 13, 2009, due to an inability to meet the work standards of the employer.

On October 6, 2009, Plaintiff's treating doctor, Dr. Vicki Sutterfield completed a medical source statement. Tr. 532-534.  She indicated that Plaintiff could sit, stand, and walk for a total of seven hours per day.  Further, Dr. Sutterfield concluded she could occasionally lift and carry up to five  pounds, rarely lift and carry six to twenty pounds, and never lift and carry more.  Further she determined that Plaintiff could only occasionally push/pull, work above shoulder level, work overhead, reach, bend, and squat; rarely work in extended positions, crawl, stoop, crouch, kneel, twist, climb stairs, and climb ramps; and, never balance or climb ladders or scaffolds or drive/ride in automotive equipment.  Dr. Sutterfield also opined that Plaintiff would have moderate limitations with regard to working near hazardous conditions, unprotected heights, moving machinery, and exposure to extremes and sudden or frequent changes in temperature and/or humidity.  She stated that Plaintiff's limitations were the result of degenerative disc disease, narrowing of the central canal, and bulging disks as were demonstrated on an MRI.

In December 2009, an MRI of Plaintiff's cervical spine exposed a C5 6 broad posterior disk bulge, moderate bilateral foraminal spurring, and a central disc bulge with borderline canal stenosis C6-7. Tr. 676-677.  In January 18, 2010, Dr. Sutterfield ordered physical therapy for her continued neck and back pain. Tr. 639.  Plaintiff attended 14 physical therapy sessions and suffered from at least two

5

falls, resulting in continued lower back and neck pain.  Tr. 636-638.  Records reveal that she was prescribed Soma, Norco, and Celexa, but the pain remained.

The evidence also indicates that Plaintiff was obese, which the ALJ found to be a severe impairment.  However, in his analysis, the ALJ failed to properly consider the impact Plaintiff's obesity would have on her existing neck and back problems and the work-related limitations that might result. *See* SSR 02-1p (explaining combined effects of obesity with other impairments may be greater than might be expected without obesity).

Further, the ALJ failed to properly consider the side effects of Plaintiff's medications.  *See Polaski*, 739 F.2d at 1322 (holding ALJ is required to take into account the dosage, effectiveness, and side effects of all medications prescribed).  Plaintiff testified that she was taking Hydrocodone, Soma, and Klonopin.  Tr. 58.  And, the ALJ acknowledged that Plaintiff was experiencing drowsiness and an inability to drive, as medication side effects.  He did not, however, account for these side effects in his RFC assessment.  Accordingly, remand is necessary to allow the ALJ to consider the combined effects of Plaintiff's obesity, pain, and medication side effects.  The ALJ is further directed to refer to the Physician's Desk Reference for information concerning the exacerbation of side effects that often occurs when anti-anxiety drugs, narcotic pain medications, and muscle relaxers are taken simultaneously.

The ALJ's treatment of Plaintiff's treating source statements is also of concern to the undersigned.  Generally, a treating physician's opinion is given more weight than other sources in a disability proceeding.  20 C.F.R. § 404.1527(c)(2).  The ALJ may discount or even disregard the opinion of a treating physician where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions.  *Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010) (alteration in original) (internal quotation omitted).  However, the ALJ must give good reasons for whatever weight he gives the treating physician's opinion.  *Holmstrom v. Massanari,* 270 F.3d 715, 720 (8th Cir. 2001).

6

In the present case, the ALJ discredited the opinions of Dr. Sutterfield, Plaintiff's treating doctor, and Dr. Blanche Clark-Williams, Plaintiff's treating psychologist. Aside from stating that their assessments were inconsistent with the vast majority of the objective evidence, the ALJ provided no explanation for his determination. And, after reviewing the records, we can discern no obvious conflicts with the record. Contrary to the ALJ's conclusion, the MRI and x-ray evidence reveals that Plaintiff was suffering from bulging disks, disk space narrowing, nerve root compression, degenerative changes, and mild carpal tunnel syndrome. As such, remand is also necessary to allow the ALJ to reconsider the assessments of the treating doctors.

## V.     Conclusion:

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 31st day of January 2013.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

7